UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DARRELL TAPP**                                                                                    **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 4:13CV-P1-M**

**JAY A. WETHINGTON** *et al.*                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Darrell Tapp filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate at the Daviess County Detention Center (DCDC). In their official capacities, he sues Jay A. Wethington, Daviess Circuit Court Judge; Heather McMannis, clerk or agent of the Department of Corrections (DOC); and the DCDC. Additionally, he sues Attorney Chad E. Groves in his individual capacity. Plaintiff contends that his constitutional rights were violated under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution. As relief, he seeks damages in the amount of $150,000. He also indicates that he wants to "file a claim under 28 U.S.C. 2241 2254 or 2255."

In the complaint, Plaintiff first contends that Defendant Wethington violated his rights by not keeping his word or promise. Plaintiff states that when he received his six-year sentence on November 7, 2011, he asked Defendant Wethington if he would remove the detainer on Plaintiff and Defendant Wethington answered in the affirmative. However, claims Plaintiff, the detainer was not removed, and on October 19, 2012, he received notice that when he was paroled on

October 23, 2012, from the Indiana Department of Corrections he would be turned over to the Daviess County Sheriff on October 24, 2012. Plaintiff alleges that Defendant Wethington said that Plaintiff would be released from jail and "that this matter is out of his hands and it is up to the Department of Corrections of Kentucky to figure out if I would be release."

Second, Plaintiff alleges that Defendant McMannis, "a clerk or agent for time calculation[,] could not give my family members a answer to why I was still be in prison the date was Oct. 31, 2012." He alleges that his family left messages for Defendant McMannis several times and "contacted Kentucky Parole/Probation on the dates starting July 20, 2012 until Oct 18, 2012." He states that personnel from Kentucky Parole/Probation told his family that there were no warrants or detainers on him.

Third, Plaintiff alleges that Defendant DCDC violated his rights on October 23, 2012, by illegally imprisoning him. He reports making numerous attempts to speak with Coordinator Miss Howard and other personnel to no avail. He states that he also asked if his claim form could be signed so he could mail them to the Clerk of this Court on December 26, 2012.

Finally, Plaintiff contends that Defendant Groves, "my attorney," was aware that Plaintiff's constitutional rights were being violated. Plaintiff states that on October 23, 2012, Defendant Groves told Plaintiff's family that Plaintiff was to be freed from Indiana Corrections and that from his understanding of the matter, Plaintiff was not supposed to serve any time in Kentucky because his sentences ran concurrently. Plaintiff asserts that his family tried to get Defendant Groves to represent him in this matter but that he refused to speak to Plaintiff or his family.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

3

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Judge Wethington and DOC Clerk/Agent McMannis*

Plaintiff sues these Defendants in their official capacities only. The Court will dismiss these claims on two bases.

First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Second, neither Defendant sued in his or her official capacity for damages is a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official-capacity claims for damages against state Defendants Wethington and McMannis in their official capacities for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B. *Attorney Groves*

Plaintiff fails to state a § 1983 claim against Defendant Groves as he fails to demonstrate that Defendant Groves was acting under color of state law. The law is clear. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of

5

state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003); *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and generally are not subject to suit under section 1983."). While an exception exists if the attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), no such allegation has been made.

### C. *Daviess County Detention Center*

The Daviess County Detention Center is not an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (finding neither a county jail nor a sheriff's department is a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (noting that county jail lacks separate jural existence and is not a separate entity subject to suit). In this situation, it is Daviess County that is the proper Defendant. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("Because the McCracken County Jail is a department of the county, the county is the appropriate party to address [plaintiff's] suit."); *Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [plaintiff's] complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v.*

7

*Brown*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. at 404) (internal quotation marks omitted).

In the instant case, none of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

For these reasons, the claims against the DCDC will be dismissed.

### D.  2241, 2254, 2255

Finally, Plaintiff indicates that he wants to "file a claim under 28 U.S.C. 2241 2254 or 2255." Dismissal of this action does not prohibit Plaintiff from filing a petition for writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 or from filing a motion to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255. Should Plaintiff desire to file any of these actions, **the Clerk of Court is DIRECTED to send Plaintiff packets for filing habeas petitions pursuant to §§ 2241 and 2254; a packet for filing a § 2255 motion; and a *Pro Se* Prisoner Handbook.**

For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: February 15, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.005

9